**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRENT G. POLL,

      Plaintiff-Appellant,

v.

HENRY M. PAULSON, JR.,
Secretary, United States Department
of Treasury; PAUL H. O'NEIL,
Former Secretary, United States
Department of Treasury; OFFICE OF
SPECIAL COUNSEL; OFFICE OF
PERSONNEL MANAGEMENT;
INTERNAL REVENUE SERVICE
MERIT SYSTEMS PROTECTION
BOARD; UNITED STATES EQUAL
OPPORTUNITY COMMISSION;
JAMES SCOTT, Chief of the File and
Information Branch for OPM;
RONNIE BLUMENTHAL, Director of
the Office of Federal Operations for
the EEOC; UNNAMED EEOC
COMMISSIONERS; and JOHN DOES
1-5,

      Defendants-Appellees.

No. 06-4177
(D.C. No. 1:01-CV-94-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

Brent Poll appeals the district court's grant of summary judgment to
defendants[1] on his claim of wrongful employment termination by the Internal
Revenue Service (IRS). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.**

The parties are familiar with the facts. In sum, Mr. Poll was terminated
from his employment with the IRS in 1983 after he refused to move from his job
in Ogden, Utah, to a new post in Fresno, California. In contesting his
termination, Mr. Poll alleged that the transfer was in retaliation for opposing the
advancement of a supervisor in Ogden, defending an African-American fellow
employee in a successful EEO action against the IRS, and filing several personal
grievances with the IRS on his own behalf.

The parties are also familiar with the tortured and convoluted procedural
history of Mr. Poll's efforts to obtain redress for what he believes to be a

---

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Pursuant to Fed. R. App. P. 43(c)(2), Henry M. Paulson, Jr., is substituted
for John W. Snow as appellee in this appeal.

wrongful termination, and we will not detail that history here except as required for our analysis.

In 1983, shortly after his termination, Mr. Poll made a timely appeal to the Merit Systems Protection Board (MSPB). The MSPB upheld the termination, a decision that became final when Mr. Poll failed to file a timely petition for review under 5 U.S.C. § 7701(e)(1). In October 1984, the United States Court of Appeals for the Federal Circuit dismissed Mr. Poll's appeal for failure to prosecute in accordance with its rules.

At least by October 1985, Mr. Poll was in possession of a statement from Mr. Albert Prezcha, his supervisor in Fresno, indicating that Mr. Poll was transferred in an effort to force him to resign. Aplt. App. at 327. More than a year later, Mr. Poll petitioned the MSPB to reopen and reconsider its earlier decision. *Id.* at 93. The MSPB declined to do so, citing its lack of authority to review the decision of the Federal Circuit. *Id.* at 377. Since that time, Mr. Poll has brought a number of administrative and court actions in this matter, most of which were attempts to raise the Prezcha statement before a tribunal.

In 1998, fifteen years after his termination, Mr. Poll initiated another individual complaint of discrimination with the Department of the Treasury. Aplt. App. at 64. The agency's dismissal of the complaint was affirmed by the EEOC because the complaint "states the same claim that was pending before or decided by the agency or Commission." *Id.* at 132 n.1. That decision prompted

Mr. Poll to file a complaint in federal district court. The district court's grant of summary judgment to defendants gave rise to this appeal.

## II.

Our review of the district court's decision to grant summary judgment is de novo, and we apply the same Fed. R. Civ. P. 56 standard as did the district court. *Wells v. Shalala*, 228 F.3d 1137, 1140 (10th Cir. 2000). Thus, summary judgment for defendants was proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In reviewing the record, we view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the nonmoving party." *Jones v. United Parcel Service, Inc.* ___ F.3d ___, Nos. 06-3088 & 06-3095, 2007 WL 2677141 at *4 (10th Cir. Sept. 13, 2007).

Mr. Poll's case is a "mixed case" raising both termination and discrimination claims and was thus, initially, appealable to either the Federal Circuit or the appropriate federal district court. *Wells*, 228 F.3d at 1142-43. "The statutory scheme established by Congress for federal employees requires them either to combine their related employment discrimination and termination claims and pursue them in federal district court, or to appeal their termination claims to the Federal Circuit and waive any discrimination claims." *Chappell v. Chao*,

388 F.3d 1373, 1374 (11th Cir. 2004). Because Mr. Poll chose to appeal to the Federal Circuit after his initial adverse decision from the MSPB, he has effectively waived his right to continue advancing his discrimination claim in the district court. To the extent Mr. Poll argues only his termination claim, he is prohibited from proceeding with that claim now because the Federal Circuit has already entered a judgment on the merits against him.

In its order granting summary judgment, the district court explained all of this to Mr. Poll, holding that, by filing his original appeal in the Federal Circuit, Mr. Poll had effectively chosen his remedy and therefore did not have a jurisdictional basis for a later filing in the federal district court. Alternatively, the court held that the Civil Service Reform Act did not provide a jurisdictional basis for Mr. Poll's untimely discrimination claim, that the claim was time-barred, and that res judicata precluded its relitigation. Mr. Poll's whistleblower claim failed because it was raised for the first time in the district court.

After our de novo review of the record, the relevant law, and the submissions of the parties, we affirm for substantially the reasons stated by the district court.

**III.**

We now turn to defendants' motion for sanctions pursuant to Fed. R. App. P. 38.

Rule 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and a reasonable opportunity to respond, award just damages and single or double costs to the appellee." "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) (quotation omitted). Whether to impose Rule 38 sanctions is within this court's discretion, *Roth v. Green*, 466 F.3d 1179, 1188 (10th Cir. 2006), *petition for cert. filed*, 75 U.S.L.W. 3623 (U.S. May 9, 2007) (No. 06-1490), and attorneys can be sanctioned personally "for taking a truly frivolous appeal on behalf of their client," *Braley*, 832 F.2d at 1511. When an attorney's conduct "manifests either intentional or reckless disregard of [his or her] duties to the court," monetary sanctions in an amount equal to the excess costs, expenses, or attorney's fees are properly levied. *Id.* at 1512.

Defendants' motion for sanctions against both Mr. Poll and his attorney is supported by a declaration signed by the Assistant United States Attorney of record in this case under the penalty of perjury indicating that defendants' expenses in this matter total $4,041.70. Mr. Poll and his attorney have responded to that motion, and defendants have replied.

In their response, Mr. Poll and his attorney continue to argue that the evidence of wrongful termination can be derived from the comments of a former

supervisor, Albert Prezcha, indicating that the IRS transferred Mr. Poll in an effort to terminate him. This evidence was not made available to Mr. Poll until after the Federal Circuit had dismissed his case. Nevertheless, the record demonstrates that Mr. Poll was in possession of the Prezcha evidence at least by October 1985. Aplt. App. at 327. Although in 1986, Mr. Poll did ask the MSPB to reopen and reconsider its 1984 decision, he does not dispute that he failed to prosecute the matter any further at that time. Instead, he chose to file a discrimination complaint thirteen years later and, eventually, to petition the federal district court for mandamus relief, neither course appropriate to achieving his ends.

Mr. Poll and his attorney also make much out of defendants' concession at the district court hearing that, contrary to their earlier position, the "Prezcha matter" had not been previously settled. We agree, however, with the district court that the evidence supplied by Mr. Prezcha was simply that–a piece of evidence–and not the basis for bringing an entirely new proceeding, irrespective of whether it had been the subject of an earlier settlement agreement.

During the pendency of this litigation in the district court, defendants sent Mr. Poll's attorney a Rule 11 letter clearly identifying the deficiencies in his client's case. *See* Fed. R. Civ. P. 11. The Rule 11 letter specifically referred to the earlier denial of mandamus by the district court, *Poll v. United States Office of Special Counsel*, No. 1:93-CV-150-DAK (D. Utah June 19, 1998); Aplt. App.

-7-

at 130, in which the court specifically held that it had no jurisdiction to overrule the earlier rulings of the MSPB and the Federal Circuit. That fact had no impact on Mr. Poll or his attorney. Indeed, at the time Mr. Poll and his attorney filed this appeal, the district court had already thoroughly and patiently explained why the case could not go forward, examining not just one basis for its decision but several alternative grounds as well. Nonetheless, Mr. Poll and his attorney proceeded to appeal although they established no basis for the district court's jurisdiction and presented no new arguments not already dispatched by the district court in its 1998 denial of mandamus.

Mr. Poll's briefs to this court, in and of themselves, could possibly be a basis for sanction. They are illogical, obfuscatory, and misleading. In an especially unhelpful usage, the briefs refer to both parties in this dispute as "appellants." Record cites in the appellant's briefs do not consistently correspond to the record, causing an unnecessary waste of time and effort for defendants and this court. Under these circumstances, we hold that Mr. Poll's attorney has manifested either an intentional or, at the least, a reckless disregard of his duties to the court, *see Braley*, 822 F.3d at 1512, and that Mr. Poll has caused unnecessary expenditure of both the time and the resources of defendants and this court, *see Wood v. Santa Barbara Chamber of Commerce, Inc.*, 699 F.2d 484, 485

(9th Cir. 1983).[2]  We therefore impose sanctions of $4,041.70 jointly and severally against both Mr. Poll and his attorney payable directly to defendants through their attorney of record in this appeal.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2]     Especially in reference to Mr. Poll, our decision to impose sanctions is reinforced by the fact that, acting pro se, he has filed yet another case in the federal district court raising the same issues he raises here.  *See Poll v. Paulson*, No. 1:06-CV-144-TC-BCW (D. Utah filed Nov. 16, 2006).  Given this, it is clear that Mr. Poll was not simply influenced by his attorney to pursue this appeal, but that he independently wishes to continue pursuing judicial proceedings despite past judicial rulings counseling against that course.