FILED
United States Court of Appeals
Tenth Circuit

March 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRENT POLL,

     Plaintiff - Appellant,

v.

JACOB J. LEW, Secretary, Department of
the Treasury,

     Defendant - Appellee.

No. 15-4117
(D.C. No. 1:14-CV-00090-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

     Thirty years after he was terminated from his job with the Internal Revenue

Service (IRS), Plaintiff Brent Poll, proceeding pro se, filed his third federal

complaint related to the termination, notwithstanding a 1987 settlement agreement

resolving all such claims (Settlement Agreement) and a 2008 federal court injunction

prohibiting him from filing such claims (Injunction). His complaint, alleging

discriminatory retaliation in violation of Title VII, asserted that his former IRS

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervisor, Mr. Higbee, made negative comments in 1984 that delayed his hiring by another federal agency, which, in turn, caused him to lose federal retirement benefits. The magistrate judge, sitting by consent of the parties under 28 U.S.C. § 636(c), dismissed the complaint. He ruled Mr. Poll's cause of action was barred by the Injunction. He further ruled the complaint essentially alleged a breach of the Settlement Agreement, a claim over which federal courts lack subject matter jurisdiction. Mr. Poll appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

Termination, Settlement, and Retirement. Mr. Poll was terminated from the IRS in 1983 after refusing a reassignment from Ogden, Utah, to Fresno, California. While unemployed, he withdrew his retirement contributions with the Civil Service Retirement System (CSRS). He applied for a job at another federal agency, the Defense Property Disposal Office (DPDO) in Ogden, but Mr. Higbee made negative comments about Mr. Poll to DPDO during the application process. DPDO did hire Mr. Poll, but he was no longer eligible for CSRS benefits, as federal employees hired in 1984 were covered by the Federal Employees Retirement System (FERS), which replaced CSRS.

Mr. Poll filed claims against the IRS with the Equal Employment Opportunity Commission (EEOC), alleging Mr. Higbee's negative comments delayed his hiring at DPDO, causing him to lose CSRS benefits, and were discriminatory retaliation for his actions defending an African-American fellow employee at the IRS. Mr. Poll

sought reinstatement in CSRS in his EEOC discrimination complaints, arguing he could have remained in CSRS had his hiring at DPDO not been delayed because of Mr. Higbee's comments. While his EEOC complaints were pending, he learned he was eligible for a retirement option known as CSRS Offset, under which a small group of federal employees could receive partial benefits under both CSRS and FERS. Mr. Poll enrolled in the CSRS-Offset program and wrote to the EEOC stating he no longer saw a "substantive reason to pursue [his EEOC complaints] further" because experts informed him there was "no advantage for CSRS over CSRS-Offset." R. Vol. 1, at 22.

That same day, Mr. Poll and the IRS entered into the Settlement Agreement in "full and complete settlement of any and all claims which [Mr. Poll] may have against [the IRS], present and former [IRS] employees or agents, and/or the United States of America as a result of the incidents or circumstances raised in the [EEOC] complaints." R. Vol. 1, at 39-40. The IRS conceded there had been "no factual basis" for Mr. Higbee's comments, and agreed to state in response to any inquiries that Mr. Poll had been "performing his duties in a fully satisfactory matter at the time that he was reassigned." *Id.* at 39. Both parties agreed the settlement agreement did "not constitute an admission by the [IRS] of discrimination and/or other wrongdoing." *Id.* The Settlement Agreement made no mention of any retirement-related matters.

Injunction. Notwithstanding the Settlement Agreement, Mr. Poll continued to file numerous complaints related to his termination.[1] We imposed sanctions on Mr. Poll in his last appeal to this court in 2007 because he raised the same claims previously decided against him, and he filed a meritless appeal after the district court explained the numerous reasons his claims lacked merit. *Poll v. Paulson*, 251 F. App'x 573, 577 (10th Cir. 2007) (sanctioning Mr. Poll jointly and severally with his attorney under Rule 11).

Mr. Poll filed yet another complaint in federal district court, which failed for the same reasons articulated in this court's 2007 appellate decision imposing sanctions. As a sanction for his continued frivolous litigation, the district court issued the Injunction barring Mr. Poll "from further filings based on his firing from the IRS or any events related to that firing." *Poll v. Paulson*, No. 1:06-CV-144 TC, 2008 WL 118076, at *1 (D. Utah Jan. 8, 2008) (unpublished).

Current Complaint. Mr. Poll now alleges that Mr. Higbee's retaliatory comments caused him to lose all of his federal retirement benefits. In 1991, Mr. Poll left federal service and withdrew all of his CSRS-Offset contributions. In 2009, he applied for retirement benefits but was told he was ineligible because he had

---

[1] Mr. Poll filed complaints with the Merits Systems Protection Board, the Federal Circuit, and federal district courts relating to his IRS discrimination allegations. *See Poll v. Paulson*, 251 F. App'x 573, 575 (10th Cir. 2007) (noting the "tortured and convoluted procedural history of Mr. Poll's efforts to obtain redress for what he believes to be a wrongful termination"); *Poll v. Snow*, No. 1:01-CV-94, 2006 WL 1767112, at *4 (D. Utah June 22, 2006) (unpublished) ("Mr. Poll has filed nine complaints or appeals regarding his removal with four different forums over the past two decades. . . .").

withdrawn all of his CSRS and CSRS-Offset contributions and could no longer redeposit those funds since he was no longer a federal employee. Mr. Poll says he received accurate advice at the time that the withdrawals would not affect his retirement, but circumstances changed the accuracy of that advice.

Mr. Poll alleges that the IRS's admission in the Settlement Agreement that Mr. Higbee's comments were not factually correct entitles him to "full relief" for all damages caused by Mr. Higbee's retaliatory-discrimination comments under 29 U.S.C. § 1614.501 (requiring a federal agency to provide "full relief" if the agency or the EEOC makes a finding of discrimination). Mr. Poll contends "full-relief" in his case means full-retirement benefits, notwithstanding his decision to withdraw his retirement contributions. He first presented this claim to the IRS, asserting it breached the Settlement Agreement. The IRS found no breach because the Settlement Agreement was silent as to any retirement matters. The EEOC affirmed, adding that "[t]he fact that [Mr. Poll] relied on two-year old advice to withdraw additional funds from his retirement account after leaving federal service does not give rise to a breach of agreement." R. Vol. 1, at 24.

Mr. Poll then filed his Title VII complaint. The magistrate judge dismissed this complaint on two grounds. First, he ruled the allegations related to the timing of Mr. Poll's hiring at DPDO are included within the "events related" portion of the Injunction, and thus were barred by the Injunction. Second, because Mr. Poll's complaint could be read to allege a violation of the Settlement Agreement, he dismissed the complaint for lack of subject-matter jurisdiction because federal courts

5

cannot enforce settlement agreements entered into with a federal agency on an employment discrimination claim.

## ANALYSIS

We review the magistrate judge's dismissal de novo. *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) (stating de novo standard of review applies to dismissals under Fed. R. Civ. P. 12(b)(1) and (6)).

Mr. Poll first argues his claims are not barred by the Injunction. He argues the Injunction bars only "new or 'further' appeals," which do not cover his complaint because he is only seeking the full relief guaranteed to him back in 1987. Opening Br. at 10, 19. This is not a credible argument. Again, the Injunction bars him from filing any claim "based on his firing . . . or *any events related* to that firing." *Paulson*, 2008 WL 118076, at *1. This is a "new" or "further" complaint and it is related to that firing. Mr. Poll based his EEOC discrimination complaints on Mr. Higbee's comments, the Settlement Agreement resolved any and all claims related to his termination and Mr. Higbee's post-termination comments, and both his prior federal complaints repeated the allegations that Mr. Higbee's comments delayed his hiring at DPDO. We conclude the allegations in Mr. Poll's current complaint are "events related" to his termination and agree with the magistrate judge that Mr. Poll has not asserted any claim that is not barred by the Injunction.

More significantly, the magistrate judge correctly concluded it lacked subject matter jurisdiction over Mr. Poll's claims. A federal district court does not have subject-matter jurisdiction to enforce a settlement agreement entered into with a

6

federal agency on an employment discrimination claim. *See Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007) (holding that the relevant regulation, 29 C.F.R. § 1614.504(a), permits only administrative action and appeal to the EEOC for breach of discrimination settlement agreement claims, not a suit in federal court, thus, Congress has not waived sovereign immunity). Mr. Poll acknowledges this precedent, but argues he is not alleging a breach of the Settlement Agreement. He notes that his complaint does not allege a breach, or cite to any term or condition, of the Settlement Agreement.

Mr. Poll claims he is challenging only the settlement "process," not the Settlement Agreement. Opening Br. at 15-16. This is a phantom distinction, as the Settlement Agreement was in full and complete settlement of all of the issues raised during the settlement process, including Mr. Higbee's comments. Both the legal and factual predicates of his current complaint—that Mr. Higbee made retaliatory comments and that those comments delayed his hiring at DPDO—are precisely the same as in his EEOC complaints and were "full[y] and complete[ly]" resolved by the Settlement Agreement. R. Vol. 1, at 39. Mr. Poll argues that the statement in the Settlement Agreement that the IRS made no admission of discrimination or other wrongdoing was "fraudulent from the beginning" and that he could not agree to this untruth. Opening Br. at 16. That argument is simply and clearly an attack on the validity of the Settlement Agreement. Mr. Poll has failed to identify any claims in his complaint for which the Government has waived sovereign immunity that would give the district court subject-matter jurisdiction.

7

We admonish Mr. Poll that if he persists in ignoring the Injunction and litigating or relitigating issues related to his employment with, or termination by, the IRS, including Mr. Higbee's comments, the timing of his hiring at DPDO, or *any* other events related to or resolved by the Settlement Agreement, his filings may be summarily dismissed. Further, we may impose sanctions, including damages and filing restrictions, as necessary and appropriate to enforce the Injunction, and to avoid further repeated litigation and appeals on issues previously addressed by the district court and this court. The judgment is affirmed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge