**Deborah FRAHM, Plaintiff–Appellant,**

v.

**UNITED STATES of America; Paul H. O'Neill, Secretary, Department of Treasury; Internal Revenue Service, Defendants–Appellees.**

No. 05–1825.

United States Court of Appeals,
Fourth Circuit.

Argued: May 25, 2006.

Decided: June 27, 2007.

**ARGUED:** Monica Taylor Monday, Gentry, Locke, Rakes & Moore, Roanoke, Virginia, for Appellant. I. Glenn Cohen, United States Department of Justice, Civil Division, Appellate Section, Washington, D.C., for Appellees. **ON BRIEF:** Peter D. Keisler, Assistant Attorney General, John L. Brownlee, United States Attorney, Marleigh D. Dover, United States Depart-

ment of Justice, Civil Division, Appellate Section, Washington, D.C., for Appellees.

Before WIDENER and DUNCAN, Circuit Judges, and JOSEPH R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by published opinion. Judge WIDENER wrote the opinion, in which Judge DUNCAN and Judge GOODWIN concurred.

## OPINION

WIDENER, Circuit Judge.

### I.

This case involves the construction of a settlement agreement between the Internal Revenue Service (IRS) and Miss Deborah Frahm, a former IRS employee. Miss Frahm contends that she should receive money damages and attorneys' fees because of the government's breach of the settlement agreement. The government concedes that it violated the agreement but argues that Miss Frahm is not entitled to the relief she seeks. The district court sided with the government, and we affirm.

### II.

The facts of this case are not in dispute. Miss Frahm was previously employed as Chief of the Criminal Investigation Division of the IRS in Columbia, South Carolina. In October of 1993, the IRS's Inspection Division (now referred to as Treasury Inspector General for Tax Administration) investigated an allegation that one of Miss Frahm's subordinates consumed alcohol while driving his government vehicle, and that Miss Frahm had knowledge of this conduct but failed to

act. Following the investigation, in 1994, Miss Frahm was subjected to disciplinary action that consisted of a thirty-day suspension.

The suspension prompted Miss Frahm to file an administrative claim of employment discrimination with the EEO under Title VII. On June 10, 1994, Miss Frahm and the IRS resolved the discrimination claim through the execution of a settlement agreement. As part of the settlement, the IRS agreed to "remove and destroy all references to Frahm's records regarding the suspension within 30 days," with the exception of "one copy [to] be maintained in the IRS Greensboro District EEO office . . . in the event of a breach of [the] Agreement."

Miss Frahm retired from the IRS in 2000 and subsequently applied for Enrolled Agent status, which would allow her to represent individual taxpayers in IRS proceedings. In July of 2001, Miss Frahm received a letter from the Director of Practice of the IRS advising her that her application was being considered for denial.[1] As grounds for denial, the letter detailed specific information regarding Miss Frahm's suspension in 1994. On August 3, 2001, Miss Frahm sent a letter to the IRS's Assistant Secretary of the Treasury to notify the agency of its non-compliance with the settlement agreement by failing to remove the records of her suspension. The IRS did not respond to Miss Frahm's letter, leading Miss Frahm to file an appeal with the EEOC pursuant to 29 C.F.R. § 1614.504(b) to seek enforcement of the settlement agreement. In a decision dated August 22, 2002, the EEOC stated it was unable to determine whether the IRS breached the terms of the agreement. Accordingly, the EEOC remanded the matter to the IRS for a decision within thirty days as to whether the agency violated the

---

1. Miss Frahm was eventually approved as an Enrolled Agent in 2002.

agreement. When the IRS did not respond to the EEOC's remand, Miss Frahm brought suit in the United States District Court for the Western District of Virginia on October 18, 2002.

Miss Frahm's complaint against the government consisted of four counts: fraud, defamation, breach of settlement, and Title VII gender discrimination and retaliation. The government filed a motion to dismiss the complaint, which the district court granted with respect to the fraud and defamation counts. The district court found that it lacked jurisdiction with respect to the breach of settlement agreement claim because of 28 U.S.C. § 1491(a)(1), which confers jurisdiction on the Court of Federal Claims for "any claim against the United States founded ... upon any express or implied contract with the United States." [2] The district court stayed proceedings on the Title VII claim and transferred the breach of settlement agreement claim to the Court of Federal Claims pursuant to 38 U.S.C. § 1631.

Upon reviewing the case, the Court of Federal Claims found that it in fact lacked jurisdiction over the breach of settlement agreement claim. The court noted that the settlement agreement was entered into pursuant to the Rehabilitation Act of 1973 (29 U.S.C. §§ 791 *et seq.*) as a resolution of a federal employment discrimination charge. The court concluded that. Title VII, as a comprehensive and exclusive statutory scheme for reviewing employment discrimination, preempted any jurisdiction for monetary claims under the Rehabilitation Act or Title VII that the court

might otherwise assert according to its contract jurisdiction of 28 U.S.C. § 1491. As additional grounds for its holding, the claims court also found that the settlement agreement itself did not expressly require or authorize the government to pay damages in case of breach, and therefore was not a contract within the court's jurisdiction under 28 U.S.C. § 1491.

After the case was transferred back to the district court from the claims court pursuant to 28 U.S.C. § 1631, the government ultimately acknowledged in May of 2005 that it had breached the settlement agreement. The parties subsequently stipulated to a voluntary dismissal without prejudice of Miss Frahm's original Title VII claim, leaving the breach of the settlement agreement as the remaining count. Jury trial was cancelled, and both parties submitted memoranda to the court in support of their positions regarding Miss Frahm's right to money damages and the amount to be awarded due to the government's breach of the settlement agreement.

On June 3, 2005, the district court denied Miss Frahm's request for damages and dismissed the action. [3] Miss Frahm's timely notice of appeal followed. Our jurisdiction is proper under 28 U.S.C. § 1291. We review Miss Frahm's claims for monetary damages and attorneys' fees in turn.

### III.

■ The district court's decision as to Miss Frahm's right to money damages in-

---

**2.** District courts share concurrent jurisdiction over such matters with the Court of Federal Claims if the damages sought do not exceed $10,000. 28 U.S.C. § 1346(a)(2). However, because Miss Frahm requested relief in excess of $10,000, the district court found it lacked the authority to assert concurrent jurisdiction over her breach of settlement agreement claim.

**3.** Pursuant to Fed.R.Civ.P. 59(e), the parties filed a joint motion to alter or amend the court's order and memorandum opinion. In response, the district court filed an amended memorandum opinion on June 23, 2005. In our discussion of the district court's holdings on this case, we refer to this amended memorandum.

volves contract interpretation and regulatory interpretation. The interpretation of a contract is a question of law, *Scarborough v. Ridgeway*, 726 F.2d 132, 135 (4th Cir.1984), as is the construction of a regulation. See *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir.2005). We therefore review *de novo* the district court's legal conclusions in this case. *Waters v. Gaston County*, 57 F.3d 422, 425 (4th Cir.1995).

Miss Frahm contends that she is entitled to monetary damages for the government's breach of the 1994 settlement agreement. The district court determined that Miss Frahm is not entitled to this relief for two reasons: 1) the language of the settlement agreement does not allow for monetary damages as a remedy in case of breach, and 2) 29 C.F.R. § 1614.504(a) provides for two exclusive alternatives in the event of breach of a settlement agreement, neither of which includes monetary recovery.

■ We agree with the district court's conclusions. The language of the settlement agreement that addresses the possibility of breach by the government reads as follows:

(7) The IRS acknowledges its obligation under applicable laws not to retaliate against Frahm in any form or manner. If a breach of this provision or any other provision occurs, Frahm will be permitted to reassert any and all claims covered by this Agreement. IRS acknowledges and waives any applicable time restraints and/or statutes of limitation generally applicable to such claims, expressly permitting such claims to be reopened and asserted.

Other clauses in the settlement agreement make clear that the terms outlined "constitute[ ] the complete understanding of the parties," and that "[n]o other promises or agreements shall be binding unless placed in writing by the parties." Nowhere does the settlement agreement contemplate monetary damages for Miss Frahm in case of the IRS's breach.

■ "The United States, as sovereign, is immune from suit save as it consents to be sued...." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer. 42 U.S.C. § 2000e–16(d). However, this statutory waiver does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute. Even if the matter were at all ambiguous, the issue is revolved by the rule that the "scope" of a "waiver of the Government's sovereign immunity will be strictly construed ... in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Because neither the settlement agreement nor a statute allow Miss Frahm to sue the government for breach of the settlement agreement, her action was properly dismissed.

■ As additional grounds for dismissing Miss Frahm's suit, we find that the government has specifically limited by regulation the forms of relief a plaintiff may seek when she alleges breach of a Title VII settlement agreement by a government agency. In this regard, the EEOC has promulgated 29 C.F.R. § 1614.504(a), which states in pertinent part:

If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance.

The complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

Miss Frahm contends that the two forms of relief outlined in § 1614.504(a)—i.e., specific implementation of the agreement or reinstatement of the original discrimination claim—are not the only remedies available in case of breach. We disagree. By its plain language, the regulation permits an employee who claims a breach of a Title VII settlement agreement to elect between only two options. With the use of the word "alternatively," the regulation sets out the only alternatives that may be chosen. Miss Frahm's reading implies that when the EEOC drafted its regulations, the agency desired to permit additional remedies without so expressing. This interpretation cannot be sustained. See *Reyes–Gaona v. North Carolina Growers Ass'n,* 250 F.3d 861, 865 (4th Cir.2001) ("[T]he doctrine of expressio unis est exclusio alterius instructs that where a law expressly describes a particular situation to which it shall apply, what was omitted or excluded was intended to be omitted or excluded.").

### IV.

■ Although a decision to award attorneys' fees is reviewed under an abuse of discretion standard, the legal determinations justifying an award, such as whether the plaintiff is a prevailing party, are reviewed *de novo. Smyth v. Rivero,* 282 F.3d 268, 274 (4th Cir.2002).

■ We affirm the district court's conclusion that Miss Frahm is not entitled to attorneys' fees, as she is not yet a "prevailing party" under 42 U.S.C. § 2000e–5(k). If Miss Frahm chooses to reinstate her original Title VII claim of discrimination against the IRS, she may seek attorneys' fees after pursuing that claim to a successful end.

### V.

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*