FILED
United States Court of Appeals
Tenth Circuit

December 14, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT LINDSTROM,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
GALE NORTON in her official
capacity as the United States
Department of Interior Secretary,

      Defendants - Appellees.

No. 06-8059

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 05-CV-185-CAB)**

---

Submitted on the briefs:[*]

Chris J. Ragar, Bozeman, Montana, for Plaintiff - Appellant.

Peter D. Keisler, Assistant Attorney General, Matthew H. Mead, United States
Attorney, Marleigh D. Dover and Irene M. Solet, Appellate Staff, Civil Division,
Department of Justice, Washington, D.C., for Defendants - Appellees.

---

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case therefore
is ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Plaintiff-Appellant Robert Lindstrom appeals the district court's dismissal

of his action against the government for lack of subject matter jurisdiction. Mr.

Lindstrom filed suit to enforce a settlement agreement he reached with the

Department of the Interior on his disability discrimination claim. He contends

that the district court erroneously rejected subject matter jurisdiction over

enforcement of an Equal Employment Opportunity Commission

("EEOC")–mediated settlement agreement arising from an EEOC complaint. Our

jurisdiction arises under 28 U.S.C. § 1291, and we affirm.


Background

Mr. Lindstrom is employed by the Department of the Interior (the

"Department") as a financial support technician at Yellowstone National Park.

Aplt. App. at 35. In 2001, he requested a transfer from his largely sedentary job

to a more active position because of complications from surgery resulting from a

1989 accident. Id. at 31. On July 13, 2001, after his request was denied, Mr.

Lindstrom filed an administrative complaint alleging discrimination based upon

his disability. Id. at 35. After the Department reviewed his claim and prepared a

report of its investigation, Mr. Lindstrom requested a hearing before an EEOC

Administrative Judge, who ordered the parties to engage in a directed settlement

conference.  Id.

The parties reached a settlement on August 15, 2002 and entered into an agreement that Mr. Lindstrom now claims has been breached.  Id.  The settlement outlined the specific administrative procedure Mr. Lindstrom had to follow if he believed that the Department had breached the agreement and did not permit him to sue.  Id. at 58-59; 29 C.F.R. § 1614.504(a).  As part of the settlement, three experts evaluated Mr. Lindstrom and reported to the Department on whether he could perform his current position with reasonable accommodations or whether he must be transferred to another position.  Aplt. App. at 55-57.  Various accommodations were made to improve Mr. Lindstrom's worksite.  Id. at 36.  On July 22, 2003, after reviewing the submitted reports of the three experts, the Department rejected Mr. Lindstrom's demand that he be transferred to another position immediately.  Id.  Mr. Lindstrom then sought review by the Department's EEO Director and received a decision letter from the Director dated October 17, 2003 stating that the Department did not breach the settlement agreement.  Id. at 36, 60, 63.  Mr. Lindstrom then appealed this decision to the EEOC which ruled on August 5, 2004 that the Department complied with the settlement agreement.  Supp. App. at 5-6.  The EEOC also denied Mr. Lindstrom's subsequent motion for reconsideration on September 28, 2004.  Id. at 8.

Mr. Lindstrom then filed a complaint in federal district court in Montana on December 13, 2004, seeking "a more physically demanding job," general and

compensatory damages in an amount to be determined at trial, and costs and attorney fees. Aplt. App. at 49, 51, 53. The case was then ordered transferred to the federal district court in Wyoming on June 30, 2005 upon the government's motion asserting improper venue. Id. at 2; Aplee Br. at 12. In denying cross-motions for summary judgment, the district court based jurisdiction on the Little Tucker Act, 28 U.S.C. § 1346(a), and implied jurisdiction on § 706(f)(3) of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(3),[1] as well as policy considerations. Aplt. App. at 13; Supp. App. 12.

Shortly before the trial was to commence, the district court requested briefing on whether it had subject matter jurisdiction over Mr. Lindstrom's suit. Aplt. App. at 14. In its Order Dismissing Case for Lack of Jurisdiction filed on May 17, 2006, the district court concluded that its previous ruling on jurisdiction was in error and held that it lacked subject matter jurisdiction over Mr. Lindstrom's suit. Id. at 9, 15-17. In response to Mr. Lindstrom's arguments, the district court concluded that the suit "is not a civil action claiming disability discrimination under the Rehabilitation Act and Title VII; rather, it is an action for breach of a settlement agreement that resolved a discrimination claim. For that reason, it is not 'brought under' Title VII and the Rehabilitation Act and this

---

[1] The district court stated in its order dismissing the case that it implied jurisdiction under 42 U.S.C. § 2005-e(f)(3) in its previous denial of summary judgment, Aplt. App. at 13, but the district judge almost certainly meant 42 U.S.C. § 2000e-5(f)(3).

- 4 -

Court does not have jurisdiction." Id. at 27.

Discussion

We have only one issue to resolve on this appeal, and that is whether the district court had subject matter jurisdiction over Mr. Lindstrom's suit. We review the district court's order dismissing the case for lack of subject matter jurisdiction de novo. Bryan v. Office of Pers. Mgmt., 165 F.3d 1315, 1318 (10th Cir. 1999).

"District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress." Radil v. Sanborn Western Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (internal quotation omitted). "The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." United States v. Sherwood, 312 U.S. 584, 586 (1941). The litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). "[I]t has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." Tafoya v. U.S. Dep't of Justice, Law Enforcement Assistance Admin., 748 F.2d 1389, 1390 (10th Cir. 1984).

With that in mind, we turn to Mr. Lindstrom's argument. He asserts that

Congress created a statutory scheme to govern the EEOC that encourages the mediation of complaints. Congress intended that settlement agreements resulting from such mediation, like the one Mr. Lindstrom reached with the Department, be enforceable in federal court. Aplt. Br. at 10-14. Mr. Lindstrom bases his argument on Title VII's prescribed remedies, 42 U.S.C. § 2000e-5, Title VII's remedies as they are incorporated into the Rehabilitation Act, 29 U.S.C. § 794a(a)(1), and the Americans with Disabilities Act, 42 U.S.C. § 12117(a),[2] and better reasoned authority. Id. at 5, 9.

The federal government may condition its waiver of sovereign immunity by requiring plaintiffs to follow specific procedures in order to recover. San Juan County, Utah v. United States, 503 F.3d 1163, 1175 (10th Cir. 2007) (en banc). Title VII of the Civil Rights Act of 1964 sets forth such specific procedural requirements for making a disability discrimination claim against an individual's federal employer which also apply to claims stemming from the Rehabilitation Act and the Americans with Disabilities Act. See 29 U.S.C. § 794a(a)(1); 42 U.S.C. §§ 2000e-16(d), 2000e-5(f)-(k); 42 U.S.C. § 12117(a). We therefore address jurisdiction under Title VII, the Rehabilitation Act, and the Americans with Disabilities Act together.

Mr. Lindstrom followed the required procedure for filing a Title VII

---

[2] We assume that when Mr. Lindstrom cites 42 U.S.C. § 12111, he means 42 U.S.C. § 12117(a).

disability discrimination complaint against the Department to a certain point. He

engaged the Department in EEOC-directed settlement talks and reached a

settlement agreement. Aplt. App. at 35. As we explain below, however, he did

not follow the proper EEOC-prescribed procedure for claiming a breach of that

agreement, see 29 C.F.R. § 1614.504(a), and therefore the district court did not

have jurisdiction.

Under 29 C.F.R. § 1614.504(a), a federal sector employee-complainant is

limited in his remedies when he alleges a breach of a Title VII agreement by a

government agency.

> If the complainant believes that the agency has failed to comply with
> the terms of a settlement agreement or decision, the complainant shall
> notify the EEO Director, in writing, of the alleged noncompliance
> within 30 days of when the complainant knew or should have known of
> the alleged noncompliance. The complainant may request that the terms
> of settlement agreement be specifically implemented or, alternatively,
> that the complaint be reinstated for further processing from the point
> processing ceased.

Id. Clearly, this regulation does not permit Mr. Lindstrom to sue in federal court

to enforce his settlement agreement. Although Mr. Lindstrom followed this

procedure by notifying the EEO Director of the alleged breach and requesting

specific enforcement, Aplt. App. at 36, 60, he did not request that his complaint

be reinstated, and even if he had, he still could only sue on the underlying

discrimination claim and not to enforce the settlement agreement. The regulation

does not authorize a suit to enforce the settlement agreement but rather only the

- 7 -

reinstatement of the original discrimination complaint.  Mr. Lindstrom could have requested reinstatement, but did not.

The EEOC, through 29 C.F.R. § 1614.504(a), has thus limited Mr. Lindstrom to suing on his original discrimination claim and not to enforce his settlement agreement.  The district court therefore did not have subject matter jurisdiction to hear his suit under Title VII.

The Fourth Circuit recently considered a similar situation and arrived at the same conclusion.  Frahm v. United States, 492 F.3d 258 (4th Cir. 2007).  In that case, the complainant, a former employee of the Internal Revenue Service ("IRS"), brought suit to enforce a settlement agreement she reached with the IRS pursuant to Title VII while she was employed.  Id. at 260.  The court held that "[b]ecause neither the settlement agreement nor a statute allow Miss Frahm to sue the government for breach of the settlement agreement, her action was properly dismissed."  Id. at 262.  Additionally, the court held that she could not sue because she had not followed the explicit requirements of 29 C.F.R. 1614.504(a).  See id. at 262-63.  The court concluded that 29 C.F.R. 1614.504(a) only permits a federal employee-complainant to elect one of two options—either request specific performance or reinstatement of the complaint—and that no other options are available.  See id. at 263.  Congress did not consent to being sued by federal employees to enforce settlement agreements reached as a result of Title VII discrimination claims, and thus a district court does not have subject matter

jurisdiction over the suit. See id. at 262-63.

Mr. Lindstrom's argument that to allow his suit would "be consistent with congressional intent" is unpersuasive.[3] Aplt. Br. at 10. Mr. Lindstrom argues that "federal jurisdiction is necessary to further Congress' goal of conciliation and voluntary compliance with Title VII," and urges us to follow an unpublished district court decision from this circuit and various other district court decisions from other circuits. Id. at 12 (quoting Taylor v. Runyon, No. Civ. A. 90-2410-KHV, 2004 WL 303206, *2 (D. Kan. February 4, 2004)); Howell v. Dep't of the Army, 975 F. Supp. 1293, 1303-04 (M.D. Ala. 1997). We decline to do so because Congress has already indicated when and how it will permit suit. "Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer. 42 U.S.C. § 2000e-16(d). However, this statutory waiver does not expressly extend to monetary claims [or claims for specific performance] against the government for breach of a settlement

---

[3] We also reject Mr. Lindstrom's brief argument that the EEOC Office of Federal Operations interpreted an ambiguous statute and that its interpretation is entitled to deference when it advised him that he had the right to file a civil action in a federal district court. Aplt. Br. at 13-14. Taken in context, the Office of Federal Operations was simply advising Mr. Lindstrom of his right to sue on the underlying claim under 29 C.F.R. § 1614.504(a). Determining federal court jurisdiction "is exclusively the province of the courts" regardless of what an agency may say. Murphy Exploration and Prod. Co. v. U.S. Dep't of the Interior, 252 F.3d 473, 478 (D.C. Cir. 2001) (internal quotation omitted).

agreement that resolves a Title VII dispute." Frahm, 492 F.3d at 262.[4]  Congress, aided by the EEOC through regulation, has foreclosed Mr. Lindstrom's suit to enforce his settlement agreement with the Department.  We affirm the district court's determination that it did not have subject matter jurisdiction over his claim.[5]

Since Mr. Lindstrom did not argue on appeal that the district court had jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), or the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which the district court initially had relied upon before changing its mind, we need not consider them further.  Arguments not raised in an opening brief are waived.  Anderson v. U.S. Dep't of Labor, 422 F.3d

---

[4]  Although in Frahm the complainant only sought monetary damages, 492 F.3d at 262, and Mr. Lindstrom seeks both specific performance and damages, in addition to costs and attorney fees, the reasoning is the same.  This is a distinction without a difference because 29 C.F.R. § 1614.504(a) only permits requests to the EEO Director for specific performance and not suits in federal court to enforce a settlement agreement.

[5]  A number of cases have found federal jurisdiction over claims for breaches of "predetermination settlement agreements," or settlement agreements reached prior to any EEOC determination of reasonable cause for the complaint, against private employers.  42 U.S.C. § 2000e-5(b); see, e.g., Ruedlinger v. Jarrett, 106 F.3d 212, 215 (7th Cir. 1997); Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503, 1511 n.9 (11th Cir. 1985); E.E.O.C. v. Henry Beck Co., 729 F.2d 301, 305-06 (4th Cir. 1984); but see E.E.O.C. v. Pierce Packing Co., 669 F.2d 605, 608-09 (9th Cir. 1982) (reaching the opposite conclusion).  We explicitly declined to adopt the reasoning of this line of cases in Morris v. City of Hobart, 39 F.3d 1105, 1112 n.4 (10th Cir. 1994) and do not do so here.  These cases did not involve the reach of 29 C.F.R. § 1614.504(a) because the federal government was not the employer.  Unlike in the federal sector, there is no statutory or regulatory procedure for the handling of private sector claims for the breach of settlements reached during the administrative process.

1155, 1174 (10th Cir. 2005).

AFFIRMED.