FILED
United States Court of Appeals
Tenth Circuit

February 27, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LLOYD VICTOR HAYNES,

        Plaintiff - Appellant,

        v.

RYAN MEMMEN; UNITED STATES
OF AMERICA,

        Defendants - Appellees.

No. 12-1277

(D. Colorado)

(D.C. No. 1:03-CV-00577-RBJ-MEH)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.

Prisoner Lloyd Victor Haynes sued Ryan Memmen and the United States in

the United States District Court for the District of Colorado, seeking damages for

injuries he sustained in an automobile collision while being transported by the

government. As a sanction for Haynes's failure to respond to discovery requests,

the court dismissed the action. More than seven years later, Haynes sought to set

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

aside the dismissal on the grounds of fraud on the court, *see United States v. Beggerly*, 524 U.S. 38, 45 (1998); Fed. R. Civ. P. 60(d)(3), and the district judge's failure to disqualify himself, *see* 28 U.S.C. § 455. The court denied relief, and Haynes, proceeding pro se, appeals the denial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

On April 4, 2003, Haynes filed a complaint against Memmen, Steve Bush, and the United States Department of Justice, alleging that he sustained injuries when Bush, a government employee, negligently operated the government-owned vehicle in which Haynes was a passenger, causing a collision with a vehicle negligently operated by Memmen. An amended complaint named as a defendant the United States in place of Bush and the Department of Justice. *See id.* § 2679(d)(1) (government shall be substituted as party defendant in suit against government employee certified to have been acting within scope of his employment).

On March 31, 2004, the government filed a motion to compel Haynes to respond to its request for production of documents. The magistrate judge ordered a response by April 16. Shortly thereafter, Haynes's attorney, Terry Rector, filed a motion to withdraw as counsel, explaining that he could not locate or contact Haynes and that he was "unable to represent [Haynes] competently and zealously under these circumstances." R., Vol. 1, tab 46 at 2. On April 16, the deadline for

Haynes to respond to the motion to compel, the court granted Rector's motion to withdraw, noting that Haynes would be "responsible for complying with all future court deadlines in this case." *Id.*, tab 48 at 1. Haynes did not respond to the motion to compel. On June 21, 2004, the district court dismissed the action.

The record reflects no further activity in the case until March 12, 2007, when Haynes filed a "Motion for Status Report," *id.*, Vol. 2 at 6, followed two months later by an additional pleading seeking a response to his March 12 motion. The district court mailed to the address on Haynes's most recent pleadings a copy of the order dismissing the case.

In 2007 and 2008 Haynes twice attempted to reopen the case. First, he filed a pro se "Motion to Proceed with Complaint," *id.* at 19, asserting that he had not received notice of the June 2004 dismissal and blaming Rector, his former attorney, for the failure to pursue his claims properly. When the district court did not rule on that motion, he filed a Rule 60(b) motion for relief from the dismissal, raising similar arguments. The magistrate judge recommended that the Rule 60(b) motion be denied because it was not "made within a reasonable time," Fed. R. Civ. P. 60(c)(1), and because the allegations in the motion did not warrant relief. The district court adopted the magistrate judge's recommendation and denied relief on August 25, 2008.

On September 9, 2009, Haynes, now represented by an attorney, filed a motion for relief from the dismissal of his claim, his third attempt to reopen the

case. The pleading repeated the arguments from his two previous postjudgment motions. It also asserted that counsel for the government had fraudulently misrepresented to the court that Haynes had not answered the government's interrogatories, and that Haynes's hypothyroidism (caused by the traffic accident) had prevented him from properly prosecuting the action. In November 2009 the district court again denied relief.

On January 9, 2012, Haynes, once again proceeding pro se, filed a pleading styled simply "Rule 60(d)(3)." R., Vol. 2 at 135; *see* Fed. R. Civ. P. 60(d)(3) (stating that Rule 60 does not limit a court's authority to "set aside a judgment for fraud on the court"). It alleged that counsel for the government had committed fraud on the court by misrepresenting that Haynes had failed to comply with his discovery obligations when he had, in fact, complied. It also raised as an independent ground for relief that the district judge had failed to disqualify himself despite personal bias and a financial interest in the case. *See* 28 U.S.C. § 455(a), (b)(1), (b)(4). To support this claim, Haynes asserted that court employees are paid by the United States Marshals Service (the employer of former defendant Bush), that the judge works with marshals, and that the court failed to provide him with court documents relating to the dismissal of his case. The court summarily denied relief.

Haynes appeals the rejection of his latest attempt to reopen the case. His brief on appeal raises instances of alleged fraud that, he argues, justify relief

-4-

under Fed. R. Civ. P. 60(d)(3).  And in support of his claim under 28 U.S.C. § 455, he incorporates by reference a "Motion for Change of Venue/Motion for Disqualification of Judge" filed in the district court, in which he argued that earlier rulings by the court, along with the relationship between the court and Bush, demonstrate the judge's partiality.  R., Vol. 2 at 171.

## II.    DISCUSSION

### A.    Fraud on the Court

Haynes's brief in this court attempts to support his fraud-on-the-court claim by pointing to alleged fraud by Rector, his former attorney, and by the court itself.  But Haynes's motion in the district court alleged only a single instance of fraud:  the failure by the attorney for the government to notify the court that Haynes had complied with discovery requests.  The motion made no reference to Rector and pointed to no instances of alleged fraud *by* the court.  We decline to review issues not raised below.  *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013).

We likewise decline to consider the only claim of fraud on the court that Haynes presented to the district court:  fraud by the government's attorney.  By not raising this claim on appeal, he has waived it.  *See Lindstrom v. United States*, 510 F.3d 1191, 1196 (10th Cir. 2007).

### B.    District Judge's Failure to Disqualify Himself

Haynes also asserts that the district judge was obligated under 28 U.S.C. § 455 to disqualify himself but failed to do so. Because Haynes does not suggest any other avenue for setting aside a judgment on this ground, we assume that he is proceeding under Fed. R. Civ. P. 60(b)(6), which permits setting aside a judgment for "any other reason that justifies relief." Such a motion must, however, be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1), *see also United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000) ("[Section] 455(a) motions for recusal must be timely filed. Although this circuit has not attempted to define the precise moment at which a § 455(a) motion to recuse becomes untimely, our precedent requires a party to act promptly once it knows of the facts on which it relies in its motion." (citation and internal quotation marks omitted)). All the alleged facts upon which Haynes relies for his claims of bias were readily available at the time the action was dismissed in June 2004. By waiting over seven years, Haynes failed to act promptly in seeking recusal.

## III.  CONCLUSION

We AFFIRM the district court's judgment. We DENY Haynes's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-6-