**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALBERTA R. J. JONES,

     Plaintiff - Appellant,

v.

DONALD DAVID JONES; GEORGE
BUTNER; DOUGLAS COMBS; CINDY
FARRELL ASHWOOD; SHANDA L.
ADAMS; RICK DANE MOORE &
ASSOCIATES, PLLC; JAMES
HODGENS; JOHN D. L. CLIFTON;
SCOTT PHILLIP SPRATT; DOES 1
THRU 10,

     Defendants - Appellees.

No. 18-6035
(D.C. No. 5:17-CV-01287-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Alberta Rose Josephine Jones, proceeding pro se, appeals from the district

court's dismissal for lack of subject-matter jurisdiction and denial of leave to amend

her complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Jones brought a divorce suit against her husband in Oklahoma state court. Her frustration with that suit led her to file a federal lawsuit against her husband and Oklahoma judges and lawyers involved in the state suit (including her own lawyer). Averring federal subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity jurisdiction), she challenged certain events in the divorce proceeding as unconstitutional and stated that the defendants were involved in a conspiracy to violate her rights. The district court concluded that Ms. Jones had failed to establish federal subject-matter jurisdiction, denied leave to amend the complaint, and dismissed the action. It then denied Ms. Jones's motion for reconsideration.

We review a dismissal for lack of jurisdiction de novo. *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007). We review the denial of leave to amend a complaint for abuse of discretion, except that we employ de novo review when the ground for denial of amendment is futility. *Moya v. Garcia*, 895 F.3d 1229, 1239 (10th Cir. 2018). Because Ms. Jones appears pro se, we construe her filings liberally, but "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (internal quotation marks omitted).

**Federal Question Jurisdiction**

Ms. Jones asserts she brought a federal due process claim by challenging the constitutionality of certain developments in the Oklahoma divorce action. But she alleges violations of or inadequacy of state law, and such allegations generally fail to state a federal due-process claim. *See Guttman v. Khalsa*, 669 F.3d 1101, 1115 (10th Cir. 2012) ("[A]lleged state law deficiencies, even if we accept them as true, do not signify an unconstitutional denial of process."); *Rector v. City & Cty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003) (stating an allegation that a municipal ordinance violates state law, "[e]ven if true," does not automatically "amount to a violation of federal due process protections").

Ms. Jones also asserts that she brought a claim under 18 U.S.C. § 242 that the district court ignored. Section 242 is a criminal statute, however, and as such it does not create a private civil cause of action. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *see also Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) (per curiam) (holding that there is no private right of action to enforce 18 U.S.C. § 241).

**Diversity Jurisdiction**

Ms. Jones argues that she established diversity jurisdiction because her husband is a citizen of California and she is a citizen of Oklahoma. But besides suing her husband, she also sued Oklahoma citizens. Diversity jurisdiction requires "complete diversity" – that is, *each and every* defendant must be a resident of a

different state than the plaintiff. *Grynberg v. Kinder Morgan Energy Ptrs., L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Because Ms. Jones is an Oklahoma citizen and some defendants are Oklahoma citizens, there is no diversity jurisdiction.

**Remaining Issues**

Ms. Jones objects that the district court improperly converted defendants' Fed. R. Civ. P. 11 motion into a motion to dismiss. The Rule 11 motion asserted a lack of subject-matter jurisdiction, however, which defendants were entitled to do at any stage of the litigation, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). The district court did not err in promptly taking up the issue. Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Ms. Jones also states that the district judge is biased, based on his "inaccurate and prejudicial repeated statements against [her]" in this action and a previous action. Aplt. Br. at 5. Her assertions, which refer to statements in the district court's rulings, are insufficient to establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993).

Finally, Ms. Jones asserts that her "request to file an amended complaint is not futile as [she] has alleged sufficient facts to state a claim for relief that is facially plausible." Aplt. Br. at 13. But nothing in Ms. Jones's filings indicates that she can muster sufficient facts to state a plausible claim for relief that would invoke federal subject-matter jurisdiction. Accordingly, the district court did not err in denying leave to amend. *See Moya*, 895 F.3d at 1239.

4

The district court's judgment is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge