FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 7, 2022**

**Christopher M. Wolpert
Clerk of Court**

_____

AKOSUA AAEBO, as managing partner
of Quindaro Company,

     Plaintiff - Appellant,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY, KANSAS
CITY, KANSAS,

     Defendant - Appellee.

No. 21-3136
(D.C. No. 2:20-CV-02296-EFM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Plaintiff Quindaro Company sued the Unified Government of Wyandotte

County, Kansas City, Kansas (Wyandotte County) under various fraud theories.  The

district court held that it lacked subject-matter jurisdiction based on diversity because

the parties were both Kansas entities, and dismissed the case.  Akosua Aaebo, a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

non-lawyer and managing partner of Quindaro, filed an appeal on behalf of Quindaro.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

Quindaro filed an amended complaint against Wyandotte County alleging

numerous fraud theories and seeking $7 billion in monetary damages and $70 billion

in punitive damages.[1]  The factual basis for the claims involved Wyandotte County's

annexation of certain property.  Quindaro alleged that Wyandotte County was

negligent in the recording of deeds for the property, resulting in fraudulent

annexation and continued fraudulent acts relating to the property.

Wyandotte County filed a motion to dismiss for lack of subject-matter

jurisdiction.  The district court granted the motion, holding: (1) it did not have

federal question jurisdiction because the statutes under which Quindaro pursued its

claims do not provide for a private right of action; and (2) it lacked federal diversity

jurisdiction because both parties were from Kansas.  The district court further noted

that if it had not dismissed the case for lack of jurisdiction, it would have struck the

amended complaint because a business entity like Quindaro cannot be represented by

a non-attorney corporate officer like Ms. Aaebo.

---

[1] The amended complaint identified the plaintiff in this case as "Akosua Aaebo as Managing Partner of Quindaro Company."  The district court concluded that Quindaro is the actual plaintiff based on the allegation that Quindaro sustained harm as the result of Wyandotte's allegedly fraudulent actions.  Business entities may be represented in court only through licensed counsel.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).  To the extent Quindaro is the appellant in this case, Ms. Aaebo cannot represent it.

Quindaro has appealed only the district court's holding on the lack of diversity of citizenship.

## II.  Discussion

District courts have diversity jurisdiction over any civil action in which the claimed damages exceed $75,000 and the matter in controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Here, the district court acknowledged the claimed damages exceeded $75,000, but concluded Wyandotte County and Quindaro were both citizens of Kansas.  The district court therefore held that it did not have diversity jurisdiction.  We agree with the district court's holding.

"We review the district court's order dismissing the case for lack of subject matter jurisdiction de novo."  *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).  The district court noted that Quindaro's amended complaint alleged it is a business entity registered with the Kansas Secretary of State.  The district court further noted that a record of that registration reflects that Quindaro is a partnership whose partners reside in Kansas.  *See* R. at 48-49.  Ms. Aaebo, on behalf of Quindaro, argues the partners of Quindaro are no longer residents of Kansas.  But "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint."  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015); *see also Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 569-70 (2004) ("[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing.").

3

Ms. Aaebo also argues in the reply brief that because she is homeless, she is legally entitled under 28 U.S.C. § 1391(b)(3) to continue proceedings in the District of Kansas.[2]  Section 1391, however, concerns venue, not jurisdiction.  "[V]enue and subject-matter jurisdiction are not concepts of the same order."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006).  "Venue is largely a matter of litigational convenience," while "[s]ubject matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases."  *Id.*  "This basic difference between the court's power and the litigant's convenience is historic in the federal courts."  *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939).  We therefore reject this argument.

### III.  Conclusion

For the foregoing reasons, we affirm the decision of the district court dismissing this case for lack of diversity jurisdiction.

Ms. Aaebo has filed a motion to proceed in forma pauperis on appeal.  To the extent Quindaro is the appellant in this case, it cannot proceed in forma pauperis on

---

[2] Unlike the opening brief, Ms. Aaebo wrote the reply brief in such a way as to suggest that she is the appellant in this case, not Quindaro.  In either case, diversity is lacking because the Quindaro registration mentioned above reflects that Ms. Aaebo was a Kansas resident at the time of filing.

appeal. *See Rowland*, 506 U.S. at 196, 201-02. To the extent Ms. Aaebo filed the motion on her own behalf, it is denied.

Entered for the Court

Joel M. Carson III
Circuit Judge