**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 25, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

DEMETRIOUS SCOTT NERO,

    Plaintiff - Appellant,

v.

STATE OF OKLAHOMA,

    Defendant - Appellee.

No. 22-6121
(D.C. No. 5:22-CV-00370-PRW)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Demetrious Nero, an Oklahoma state prisoner proceeding pro se,[1] appeals the

district court's order dismissing his civil-rights complaint without prejudice. For the

reasons explained below, we affirm.

---

[*] After examining the appellant's brief and the appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the brief without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Nero's pro se filings, but we will not act as his advocate. _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

**Background**

Earlier this year, Nero sued the State of Oklahoma in federal court, alleging that an Oklahoma statute suspending state prisoners' civil rights, Okla. Stat. tit. 21, § 65, violates the Fourteenth Amendment to the United States Constitution. As relief, Nero asked the district court to declare that his "civil rights [were] retained even as a state prisoner" and to award him $35,000 in damages "for the [allegedly unconstitutional] suspension of [his] civil rights" under the Oklahoma statute. R. 11 (capitalization standardized). He asserted that jurisdiction was proper under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Before service on the State, a magistrate judge granted Nero leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) and screened his complaint under § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a). The magistrate judge construed the complaint as advancing claims under 42 U.S.C. § 1983 for constitutional violations and recommended dismissal on sovereign-immunity grounds. Nero objected to this recommendation, asserting that he brought claims under § 2201, not § 1983, and that the Eleventh Amendment does not bar claims for declaratory relief.

The district court reviewed the recommendation de novo and adopted it in part. The district court agreed with the magistrate judge that if it construed Nero's complaint as asserting claims under § 1983, the State would be entitled to Eleventh Amendment immunity. But the district court observed that Nero "specifically declined" to rely on § 1983. R. 31. Nevertheless, the district court dismissed the

2

complaint without prejudice because the Declaratory Judgment Act—the only statute Nero invoked—does not provide an independent federal cause of action.

Nero now appeals. Our review is de novo. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (reviewing § 1915(e)(2)(B)(ii) dismissal for failure to state a claim de novo).[2]

## Analysis

On appeal, Nero concedes that his request for money damages is barred by the Eleventh Amendment. But he believes that, despite this "hiccup," his complaint asserts a valid claim under the Declaratory Judgment Act because declaratory relief is prospective in nature. Aplt. Br. at 2 (capitalization standardized). As a result, Nero says, the district court should not have dismissed his complaint; it should have simply "struck or ignored" the complaint's request for damages. *Id.* at 3 (capitalization standardized).

But disregarding Nero's request for money damages does not save his complaint. As the district court explained, the Declaratory Judgment Act does not provide an independent federal cause of action. *See Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671–74 (1950) (describing "limited procedural purpose of the Declaratory Judgment Act"). It merely empowers a court "[i]n a case of actual

---

[2] It is somewhat unclear whether the district court dismissed for failure to state a claim, given that it also mentioned lack of subject-matter jurisdiction and Eleventh Amendment immunity. But this lack of clarity makes no difference to our standard of review, which is de novo for each of these issues. *See Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (lack of subject-matter jurisdiction); *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017) (Eleventh Amendment immunity).

controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." § 2201(a). In other words, the Act "enlarge[s] the range of remedies available in the federal courts," *Skelly Oil Co.*, 339 U.S. at 671, but it leaves "substantive rights unchanged," *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959).

To maintain an action for a declaratory judgment, then, Nero must assert a valid federal cause of action—one that exists independent of any request for declaratory relief. But Nero identifies none. In the district court, he invoked § 2201 only and expressly disavowed an intent to rely on § 1983. And on appeal, he continues to rely solely on § 2201.

Even if, despite this disavowal, we liberally construed Nero's complaint as one brought under § 1983, we agree with the district court that § 1983 would not supply the requisite federal cause of action. Section 1983 provides a private right of action against "any person who, under color of state law, deprives another of rights protected by the Constitution." *Ellis ex rel. Ellis Est. v. Ogden City*, 589 F.3d 1099, 1101 (10th Cir. 2009). But the State—the only defendant named in the complaint—is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Moreover, the Eleventh Amendment bars suit against the State "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984); *see also Higganbotham v. Oklahoma ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003) (explaining that

"Eleventh Amendment immunity squarely applies" when plaintiff sues "state and its agencies seeking declaratory and injunctive relief"). Accordingly, the district court properly dismissed Nero's complaint.

## Conclusion

Because the district court did not err in dismissing Nero's complaint, we affirm. As a final matter, we deny Nero's motion to proceed IFP on appeal because he has not asserted "a reasoned, nonfrivolous argument" in support of his position. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court

Nancy L. Moritz
Circuit Judge
