**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DR. TAMARA J. HOOVER,

    Plaintiff - Appellant,

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,

    Defendant - Appellee.

No. 23-6191
(D.C. No. 5:23-CV-00525-J)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Dr. Tamara Hoover appeals the district court's dismissal, pursuant to Fed. R. Civ. P. 12(b)(1), of her action against her former employer, the United States Department of Veterans Affairs (VA), alleging unlawful

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

termination without due process. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Dr. Hoover worked as a physician at the Oklahoma City VA. She began working there on June 21, 2020. On September 13, 2020, the VA "converted" Dr. Hoover's employment "to an Executive Appointment pursuant to 38 U.S.C. § 7401(1)." Aplt. App. at 8, ¶ 6. On September 9, 2022, the VA "purported to terminate" her employment "without a due process hearing[,] asserting that [she] was a probationary employee." *Id.* ¶ 7. Dr. Hoover sued the VA, requesting "declaratory relief be entered in her favor determining that as of June 21, 2022, [she] was a full time, permanent employee of [the Oklahoma City VA], that [she] was unlawfully removed from her position without statutory due process, and that [she] should be reinstated to her position with such other relief as may be appropriate." *Id.* at 8–9.

The VA moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, contending it enjoyed sovereign immunity from suit. Dr. Hoover asserted the VA waived its sovereign immunity under the Administrative Procedures Act, 5 U.S.C. § 702.  Aplt. App. at 11, ¶ 11. The district court granted the motion to dismiss, concluding the waiver in § 702 did not apply because it did not "confer authority to grant relief if any other

2

statute that grants consent to suit expressly or impliedly forbids the relief which is sought," *Kansas ex rel. Kan. Dep't for Child. & Fams. v. SourceAmerica*, 874 F.3d 1226, 1240 (10th Cir. 2017) (internal quotation marks and brackets omitted), and the statutory grievance procedure in the Veterans' Benefits Act (VBA), *see* 38 U.S.C. §§ 7461–64, displaced APA review. This timely appeal followed.

## DISCUSSION

"We review the district court's order dismissing the case for lack of subject matter jurisdiction de novo." *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007). Where, as here, a party challenges subject matter jurisdiction by mounting a facial attack on the sufficiency of a complaint's factual allegations, we must accept those allegations as true. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).

In *Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 742 (10th Cir. 2021), this court held that district courts lack subject-matter jurisdiction under the APA to review challenges to disciplinary decisions made under 38 U.S.C. § 7463 because the VBA's disciplinary scheme "intentionally precludes judicial review of" those decisions. Relying on *Tompkins*, the district court concluded it lacked jurisdiction because Dr.

3

Hoover's complaint asserted an APA-based challenge to the VA's termination of her employment.

On appeal, Dr. Hoover argues her claim presented a question not addressed in *Tompkins*—whether, at the time of her termination, she was a "probationary" or "non-probationary" employee of the VA under the VBA's appointment provisions. Aplt. Opening Br. at 6. She argues further "that the VBA either does not apply at all to a request to construe 38 U.S.C. §§ 7401–7406, or, that the probationary employee issue is so collateral to the purposes of the VBA that this issue is not swept within VBA exclusivity." *Id.* at 6 (emphasis omitted). But regardless of whether she was a probationary employee when the VA terminated her, she was a physician appointed under § 7401(1) of the VBA. Accordingly, the VBA's comprehensive statutory scheme for reviewing claims challenging the termination of such physicians eliminates jurisdiction under the APA. The district court therefore correctly dismissed Dr. Hoover's amended complaint, which relied on the APA for its jurisdictional basis.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Richard E.N. Federico
Circuit Judge