**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PAJARITO PLATEAU
HOMESTEADERS, INC., a nonprofit
corporation; TERESA QUINTANA,
on behalf of the Estate of Samuel
Valencia; MARCOS GOMEZ,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

    and

SYLVIA MOLINA, on behalf of the
Estate of Jose M. Gomez,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
SPENCER ABRAHAM, Secretary,
U.S. Department of Energy;
DONALD H. RUMSFELD,
as Secretary of the United States
Department of Defense; UNITED
STATES CORPS OF ENGINEERS;
JOHN DOES 1-10,

      Defendants-Appellees.

No. 03-2050

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-01-1166 JC/DJS)**

Submitted on the briefs:

Sylvia Molina, Pro Se.

David C. Iglesias, United States Attorney, Raymond Hamilton, Assistant United States Attorney, Albuquerque, New Mexico, for Defendants-Appellees.

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

**McCONNELL** , Circuit Judge.

Plaintiff Sylvia Molina appeals from an order of the district court dismissing this action under Fed. R. Civ. P. 12(b) based on a lack of subject matter jurisdiction. We affirm. [1]

The acts which form the basis of plaintiffs' complaint occurred from 1942 to 1945 on the Pajarito Plateau in New Mexico. At that time, the United States government appropriated land for the construction and operation of the Manhattan Engineering District in Los Alamos, New Mexico. The plaintiffs allege that the United States took their property for this project without adequate compensation. Moreover, they claim that Hispanic landowners were denied compensation

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

granted to Anglo landowners under similar circumstances. They further allege that some plaintiffs were falsely imprisoned and others were forced to work on the Manhattan Project without proper compensation, and that some plaintiffs were subjected to medical experimentation by being exposed to high levels of radiation. They base their legal claims on the Fourth, Fifth, Thirteenth, and Fourteenth Amendments, as well as 42 U.S.C. §§ 1982 and 1994 and "customary international law." Plaintiffs sought to have this action certified as a class action.

The district court dismissed the case, holding that the statute of limitations had run and, consequently, it lacked jurisdiction over the matter. The court noted that the Fifth Amendment was the only relevant constitutional amendment permitting monetary awards against the United States and that the applicable statute of limitations, 28 U.S.C. § 2401(a), is six years.[2] The court held that plaintiffs' claim that they had been intimidated into not filing earlier did not toll the statute. The court further held that the Fourth Amendment, the due process clauses of the Fifth and Fourteenth Amendments, and the Thirteenth Amendment do not directly provide for damages claims.[3] On appeal, Ms. Molina argues that

[2] 28 U.S.C. § 2401 requires that tort claims against the United States be presented to the appropriate agency within two years after the claim accrues and be filed within six years after the claim accrues. The record contains no indication that plaintiffs have presented their claims to any federal agency.

[3] Plaintiffs did not contest the government's observation that the Federal Tort Claims Act does not apply to this action because the acts alleged occurred

(continued...)

the district court erred in dismissing the Fifth Amendment compensation claim on statute of limitations grounds.

This case involves allegations of wrongdoing that, if correct and substantiated, would indeed be shocking. By plaintiff's own account, these allegations have drawn the attention of New Mexico's congressional delegation and have been investigated by the relevant departments of government, though the results of those investigations were not to the plaintiff's liking. For purposes of this appeal, this Court is not called upon to make any judgment about what happened, or did not happen, on the Pajarito Plateau in the 1940s. The sole question before us is whether–accepting plaintiff's well-pleaded allegations as true and construing them in the light most favorable to her–the district court was correct that this case is barred by the statute of limitations. Sterlin v. Biomune Sys., 154 F.3d 1191, 1194-95 (10th Cir. 1998).

Ms. Molina is proceeding pro se. She and the other plaintiffs were represented by counsel in the district court. After a falling-out between counsel and some or all of the plaintiffs, Ms. Molina filed and signed the notice of appeal on behalf of herself and "all named individual plaintiffs." However, a "notice of appeal must be signed by the appellant's counsel or, if the appellant is proceeding

_____

[3](...continued)
before passage of the Act in 1945.

pro se, by the appellant." 10th Cir. R. 3.1; <u>see also</u> Fed. R. App. P. 3(c)(2). A non-lawyer may not represent another individual on appeal and cannot file a notice of appeal on another's behalf. <u>See</u> <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1022 & n.2 (5th Cir. 1998). Therefore, Ms. Molina may appeal the district court's order only as it applies to herself and the estate of Jose M. Gomez.

Ms. Molina argues first that, by enacting Pub. L. No. 105-119, § 632, 111 Stat. 2523 (1997), Congress "expressly and knowingly, and in an intelligent manner waived the statute of limitations." This statute provides that the federal government shall transfer fee title to certain real property to Los Alamos County and to the Secretary of the Interior to be placed in trust for Pueblo of San Ildefonso. Prior to making this conveyance, Section 632(c) required the Secretary of Energy to conduct a title search on each parcel of land to be conveyed, including an analysis of any legal claims to the lands, and to report the results of the investigation to congressional defense committees. Ms. Molina contends that the purpose of this requirement was "to have the interests of the former owners [the plaintiffs] of lands on the Los Alamos plateau fairly examined and respected." Although it is not contained in the record on appeal, Ms. Molina informs this court that then-Secretary of Energy Bill Richardson conducted the title search required by the statute and reported the results in a letter to the Senate

Armed Services Committee–results which Ms. Molina claims "misrepresent the true status of the lands."

Contrary to Ms. Molina's interpretation, however, Pub. L. No. 105-119 makes no mention of statutes of limitations and creates no cause of action. Congress required only that the Secretary of Energy investigate claims to the land and report to Congress. By Ms. Molina's own admission, then-Secretary Richardson complied with that directive. Nothing in the statute authorizes the federal courts to second-guess the Secretary's conclusions, or plaintiffs to avoid the effect of otherwise applicable statutes of limitations.

Second, Ms. Molina contends that the claims of the plaintiffs did not accrue until "about the 1997 time period." According to her brief, the original taking in the 1940s was temporary, and became permanent only in 1997, when the Department of Energy concluded that the land was no longer needed and should be disposed of. The sole support for her claim that the original taking was temporary, however, is Pub. L. No. 79-635, 60 Stat. 886 (1946). That statute is plainly irrelevant to this controversy. It provided for the return of certain surplus property–the Chamberlin Hotel in Fort Monroe, Virginia–to its former owners. The statute has no application to lands involved in the Los Alamos Project, and establishes no general principle that takings for government projects are deemed temporary.

Finally, Ms. Molina points to various occasions in which Congress has enacted legislation compensating landowners for property taken in the past for various federal endeavors, notwithstanding applicable statutes of limitations. She contends that "the precedent established by the authority with jurisdiction in this matter–the Congress, has been to consistently not uphold the statute of limitations." It is true that on numerous occasions Congress has provided compensation for past wrongs, and that in doing so it is not bound by statutes of limitations. Such actions are in the service of a broad vision of justice, but they are not compelled by law. The federal courts are courts of law, and have no jurisdiction to provide compensation where the law does not provide means of redress. When individuals believe they were wronged in the past, and the statute of limitations has run, their remedy lies with the legislative branch.

The judgment of the district court is AFFIRMED.