**Christina JIRON, by and through her next friend Michael JIRON, Petitioner,**

**Michael Jiron, Petitioner–Appellant,**

v.

**RIO GRANDE COUNTY; Brabra Zollors; Larry Winegraner, Case Manager II, Colorado Department of Corrections; Cynthia Coffman, Attorney General of the State of Colorado,\* Respondents–Appellees.**

No. 14–1388.

United States Court of Appeals, Tenth Circuit.

April 1, 2015.

Christina Jiron, Pueblo, CO, pro se.

Michael Jiron, Conejos, CO, pro se.

Attorney General for the State of Colorado.

Before GORSUCH, MURPHY, and HOLMES, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

MICHAEL R. MURPHY, Circuit Judge.

Michael Jiron filed a 28 U.S.C. § 2254 habeas corpus petition in federal district court on behalf of his daughter, Christina Jiron. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing and signed and verified by the person for whose relief is intended or by someone acting in his behalf."). The district court issued an order directing both Michael and Christina to cure deficiencies in the § 2254 petition. The district court ordered Christina to file a proper motion to proceed in forma pauperis, file a habeas petition on a proper form, and name a proper respondent. The district court ordered Michael to establish he had standing to proceed in this habeas action on Christina's behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (setting out prerequisites an individual must establish to demonstrate " 'next friend' " standing).

When neither Christina nor Michael cured the defects identified in the preliminary order, the district court dismissed the habeas petition without prejudice. In response, Michael filed a notice of appeal, purportedly on behalf of Christina. *But see* Fed. R.App. P. 3(c)(2) ("A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise."). This court issued to Christina an order to show cause why she should not be dismissed as a party for failure to file a timely notice of appeal. Christina did not respond to this order. Michael did respond, however, and merely asserted, as

relevant to the show-cause order, that it was difficult for him to communicate with Christina.

This appeal is dismissed as to Christina. She did not file a notice of appeal and the notice of appeal filed and signed by her father is not effective as to her. *Id.; Pajarito Plateau Homesteaders, Inc. v. United States,* 346 F.3d 983, 986 (10th Cir.2003) ("A non-lawyer may not represent another individual on appeal and cannot file a notice of appeal on another's behalf."). The timely filing of a notice of appeal is jurisdictional. *Ray Haluch Gravel Co v. Centr. Pension Fund,* — U.S. —, 134 S.Ct. 773, 779, 187 L.Ed.2d 669 (2014).

Michael's appeal is also dismissed. He has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also id.* § 2253(c)(1)(A) (providing no appeal may be taken from a final order in a proceeding under § 2254). The granting of a COA is a jurisdictional prerequisite to Michael's appeal from the dismissal of this § 2254 petition. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Michael has failed to demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336, 123 S.Ct. 1029 (quotations omitted). That is, a review of the district court record in this case clearly demonstrates Michael failed to make the necessary *Whitmore* showing on his standing to bring a habeas petition on Christina's behalf. 495 U.S. at 163–64, 110 S.Ct. 1717.

For the reasons set out above, this appeal is hereby **DISMISSED.** All pending motions are hereby **DENIED.**