FILED
United States Court of Appeals
Tenth Circuit

December 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL JIRON; CHRISTINA C.
JIRON, through her next friend, Michael
Jiron,

     Petitioners - Appellants,

v.

RIO GRANDE JUDGE PATTY SWIFT;
BARBARA ZOLLERS, Attorney for the
Defendant; DISTRICT ATTORNEY
LARA REINKCE; RIO GRANDE
COUNTY SHERIFF BRIAN NORTON;
WARDEN LORI TAFOYA; LINDA
KOFFMAN (current); JOHN SUTHERS
(2014),

     Respondents - Appellees.

No. 16-1371 and 16-1395
(D.C. No. 1:16-CV-01905-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

This is the second occasion on which we have been asked to review the denial of

relief under 28 U.S.C. § 2254 for Christina Jiron with respect to her Colorado conviction

and sentence. On the prior occasion we considered a challenge to the district court's

dismissal without prejudice of a § 2254 application filed on her behalf by her father,

Michael Jiron. *See Jiron ex rel. Jiron v. Rio Grande Cty.*, 599 F. App'x 339 (10th Cir.

2015). We dismissed the appeal as to Ms. Jiron because she did not file a notice of

appeal (the one signed by her father on her behalf was not effective as to her) and denied

Mr. Jiron's request for a certificate of appealability (COA), *see* 28 U.S.C. §

2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief), because he failed to

satisfy the prerequisites for "next friend" standing. *See Jiron*, 599 F. App'x at 340.

Mr. Jiron has once again filed an application under 28 U.S.C. § 2254 challenging

his daughter's conviction and sentence. And once again the district court dismissed the

§ 2254 application without prejudice because Ms. Jiron failed to cure its deficiencies and

Mr. Jiron failed to establish "next friend" standing. The only difference in this court this

time around is that both Ms. Jiron and Mr. Jiron have requested a COA to appeal the

dismissal. We deny both requests and dismiss both appeals.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the

application was denied on procedural grounds, the applicant faces a double hurdle. Not

only must the applicant make a substantial showing of the denial of a constitutional right,

but he must also show "that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present

and the district court is correct to invoke it to dispose of the case, a reasonable jurist

2

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

We deny Mr. Jiron's request for a COA because reasonable jurists would not find it debatable whether the district court was correct in concluding that he failed to establish "next friend" standing. To establish such standing, Mr. Jiron had the burden to (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why [Ms. Jiron could not] appear on [her] own behalf to prosecute the action," and (2) show that he was "truly dedicated to [her] best interests." *Whitmore v. Arkansas*, 495 U.S. 149, 163, 164 (1990). In both his submissions to the district court and to this court, Mr. Jiron offers nothing more than conclusory assertions that Ms. Jiron is unable to protect her interests, that he is truly dedicated to her best interests, and that he has been the only one representing her since January of 2014. Giving his submissions a liberal construction, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), it appears that his most specific assertion is that he has standing because Ms. Jiron did not receive certain documents from the district court and she could not respond to the court because she is incarcerated. But Ms. Jiron was able to file her own request for a COA and Mr. Jiron does not explain how her incarceration interfered with her ability to communicate with the district court.

We also deny Ms. Jiron's request. She did not respond when the district court pointed to deficiencies in her application that needed to be cured. And in this court her brief does not address the grounds for the district court's dismissal and describes her claim as proceeding under 42 U.S.C. § 1983. Even though we are lenient with pro se

litigants, we will not construct arguments for her. *See id.* ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments.").

We DENY both requests for a COA and DISMISS the appeals. Ms. Jiron's motion to proceed in forma pauperis is DENIED. All other pending motions are DENIED.

Entered for the Court


Harris L Hartz
Circuit Judge

4