FILED
United States Court of Appeals
Tenth Circuit

February 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHIRLEY DIONNE GARRETT, a/k/a
Shirley Garrett, a/k/a Shirley D. Webster;
DEWAYNE M. GARRETT,

      Plaintiffs - Appellants,

v.

LOTUS INVESTMENT FUNDS INC.,
LLC, a limited liability company; RICK
ESSER; CARLOTTA LOWE, a/k/a
Carlotta Gordon; BRIAN HUDDLESTON;
BRIAN GORDON; RICK SILVER;
J. RAPP; J. GOODMAN; JOAN FISHER;
JUNE WISEMAN; D.B. BARNES;
WASHINGTON COUNTY; CHASE H.
WOODLEY,

      Defendants - Appellees.

No. 17-5105
(D.C. No. 4:17-CV-00312-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

    Shirley Dionne Garrett filed a pro se complaint in federal district court,

alleging a state-court divorce decree wrongfully awarded certain marital property to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

her nephew's ex-wife and that pursuant to the divorce decree, real property was sold at a sheriff's sale without affording her notice of the sale.[1] The district court dismissed the suit for lack of subject matter jurisdiction, and Ms. Garrett appeals.[2] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's dismissal for lack of subject matter jurisdiction de novo. *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007). Giving Ms. Garrett's pro se materials a solicitous construction, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), her complaint contains no allegations establishing the parties are diverse for purposes of federal diversity jurisdiction, *see* 28 U.S.C. § 1332(a). Nor are there allegations indicating the suit "aris[es] under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Although the complaint cites two federal statutes, 18 U.S.C. § 241 (criminal conspiracy) and 18 U.S.C. § 1964(a) (racketeering), neither provision establishes a private cause of action.

---

[1] Dewayne M. Garrett, who apparently is Ms. Garrett's nephew, is included in the caption, but he is not a party to this appeal. Mr. Garrett indicated to this court that he was not a plaintiff, and although Ms. Garrett listed him on the complaint and the notice of appeal, he did not sign either filing. *See* 10th Cir. R. 3.1 ("[A] notice of appeal must be signed by the appellant's counsel or, if the appellant is proceeding pro se, by the appellant."). Moreover, Ms. Garrett cannot represent him as a pro se party. *See Pajarito Plateau Homesteaders, Inc. v. United States*, 346 F.3d 983, 986 (10th Cir. 2003) ("A non-lawyer may not represent another individual on appeal and cannot file a notice of appeal on another's behalf.").

[2] The district court had earlier dismissed several defendants by minute order, but ultimately the court concluded that lack of subject matter jurisdiction required dismissal of all defendants.

Ms. Garrett offers several arguments on appeal why the state court wrongly awarded the property to her nephew's ex-wife—fraud, the marriage was void, and her nephew did not own the property. But these arguments do not suggest any basis for federal subject matter jurisdiction.

Accordingly, we affirm the district court's judgment. Ms. Garrett's pending "objection" to defendants J. Rapp, J. Goodman, Joan Fisher, June Wiseman, and Washington County participating in this appeal is denied as moot.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge