FILED
United States Court of Appeals
Tenth Circuit

March 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENDALL S. PALMER,

     Plaintiff - Appellant,

and

JOSEPH R. HART,

     Plaintiff,

v.

UPS FREIGHT,

     Defendant - Appellee.

No. 17-1276
(D.C. No. 1:15-CV-01441-RPM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Plaintiff Kendall Palmer, proceeding pro se, appeals the summary judgment

entered in favor of his former employer UPS Freight on his claims of employment

discrimination in violation of Title VII and Colorado state law. Co-plaintiff Joseph

Hart also attempts to appeal, but he did not file a timely notice of appeal, so we lack

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction over his appeal. *See United States v. Langham*, 77 F.3d 1280, 1280 (10th Cir. 1996) ("A timely notice of appeal is both mandatory and jurisdictional."). Mr. Palmer may bring his own claims pro se, but not Mr. Hart's claims. *See Pajarito Plateau Homesteaders, Inc. v. United States*, 346 F.3d 983, 986 (10th Cir. 2003) ("A non-lawyer may not represent another individual on appeal and cannot file a notice of appeal on another's behalf.").

We liberally construe Mr. Palmer's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

In his opening brief, Mr. Palmer argues (1) he is a Moorish American governed by the Laws of the Moroccan Treaty of Friendship of 1787 and Article VI of the United States Constitution; (2) he has a Seventh Amendment right to a trial; (3) he is a "Natural Man;" (3) "through trickery, deceit and word art, [he was] handled as a straw m[a]n and artificial person[] who had no standing;" (4) his case was "handled outside of the Law of The Land;" and (5) jurisdiction was lacking because the district judge failed to "first prove His STATUS on the record." Aplt. Opening Br. at 2-3.

This is inadequate appellate argument. Mr. Palmer has failed to develop any issue for appellate review. His opening brief does not explain how his cited legal authorities—the Constitution and a Moroccan treaty—undermine the

2

summary-judgment ruling in this employment-discrimination case. *See Simpson v. T.D. Williamson Inc.*, 414 F.3d 1203, 1206 n.4 (10th Cir. 2005) (rejecting general argument unsupported by legal authority or any argument that appellant's position is sound despite a lack of authority). Therefore, we deem his arguments waived and decline to consider them. *See Wilburn v. Mid–South Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("We . . . will not consider issues that are raised on appeal but not adequately addressed."); *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ."). Mr. Palmer's arguments presented for the first time in his reply brief are also waived. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.").

Mr. Palmer's Motion Contesting Order to Remove Joseph R. Hart as Appellant and Motion to Supplement the Record with recordings that were not submitted to the district court are denied. The district court's judgment is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge