**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SABLE COVE CONDOMINIUM
ASSOCIATION; EDGE
CONSTRUCTION, LLC,

      Plaintiffs - Appellants,

v.

OWNERS INSURANCE COMPANY,

      Defendant - Appellee.

No. 15-1261
(D.C. No. 1:14-CV-00912-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

    Sable Cove Condominium Association ("Sable Cove") purchased property

insurance from Owners Insurance Co. ("Owners Insurance"). When a storm damaged

the roofs of Sable Cove's condominiums, Owners Insurance, pursuant to the terms of

the property insurance policy, paid to have the roofs repaired. Owners Insurance,

however, refused to pay for a general contractor's overhead and profit, deeming a

general contractor to be unnecessary because the repairs involved only a single

construction trade (roofing) and were not complex.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this diversity case governed by Colorado law, Plaintiff-Appellant Edge Construction Co. ("Edge"), the roofing project's general contractor, sued Owners Insurance.[1] Two of Edge's claims are at issue here: 1) Edge, acting as Sable Cove's assignee, alleged that, by refusing to pay a general contractor's overhead and profit, Owners Insurance breached the insurance policy; and 2) acting on its own behalf, Edge alleged that Owners Insurance unreasonably delayed or denied an insurance claim, contrary to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116.[2] The district court (the parties consented to a magistrate judge deciding their case, see 28 U.S.C. § 636(c)), entered summary judgment for Owners Insurance on both claims, concluding that Sable Cove had forfeited its claim for a general contractor's overhead and profit because Sable Cove failed to cooperate with Owners Insurance's investigation into whether a general contractor was necessary to repair the condominium roofs. Edge appeals that decision.

In ruling for Owners Insurance, the district court granted Owners Insurance's summary judgment motion and denied Edge's two motions for summary judgment. We review the district court's summary judgment decisions de novo. See United

---

[1] Edge initiated this litigation in Colorado state court, but Owners Insurance removed the case to federal court, invoking federal courts' diversity jurisdiction, see 28 U.S.C. § 1332(a)(1). Although we inquired during oral argument whether there was complete diversity, see Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014), we are now satisfied that the parties are diverse and we have federal subject-matter jurisdiction.

[2] The Colorado legislature amended Colo. Rev. Stat. § 10-3-1115 in 2016, but that amendment is not relevant here.

States v. Supreme Ct. of N.M., 824 F.3d 1263, 1280 (10th Cir. 2016).  Fed. R. Civ. P. 56(a) requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "Where, as here, we are presented with cross-motions for summary judgment, we must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor."  Supreme Ct. of N.M., 824 F.3d at 1280 (internal quotation marks omitted).

After considering the parties' arguments raised on appeal and having jurisdiction under 28 U.S.C. § 1291, we AFFIRM for substantially the reasons stated in the district court's decision.[3]


                                        Entered for the Court


                                        David M. Ebel
                                        Circuit Judge

---

[3] Edge filed Volumes VI and VII of its appellate appendix under seal.  Upon this Court's inquiry, the parties indicated that, at most, only pages 878 to 894, found in Volume VI, need to be sealed.  Those specific pages will remain sealed, but the rest of Volumes VI and VII will be unsealed.