**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ERIKA JACOBS,

    Plaintiff - Appellant,

v.

SALT LAKE CITY INTERNATIONAL
AIRPORT,

    Defendant - Appellee.

No. 25-4024
(D.C. No. 2:24-CV-00299-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.[**]
_____

Plaintiff-Appellant, Erika Jacobs, appeals from the district court's order

dismissing her state-law personal injury claim. Jacobs v. Salt Lake City Int'l Airport,

No. 2:24-cv-00299, 2025 WL 605622 (D. Utah Feb. 25, 2025). On appeal,

Ms. Jacobs argues that the district court wrongly dismissed her claim for failure to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

establish diversity jurisdiction.  Aplt. Br. at 3–4.  She also argues the merits of her claim.  Id.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Our review of a dismissal for lack of subject matter jurisdiction is de novo. Lindstrom v. United States, 510 F.3d 1191, 1193 (10th Cir. 2007).  The party asserting jurisdiction bears the burden of proving it by a preponderance of the evidence.  Id.  "Congress has authorized the federal district courts to exercise jurisdiction over certain cases between citizens of different states."  Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014); 28 U.S.C. § 1332(a)(1).  A person is a citizen of a state if they are "domiciled" in that state.  Middleton, 749 F.3d at 1200.  "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."  Id.

Here, the district court dismissed Ms. Jacobs's claim because she failed to allege her domicile despite being given multiple opportunities to do so.  I R. 60–62.[1] The district court observed that, to establish diversity, Ms. Jacobs must show that she is not domiciled in Utah.  Id. at 61.  The magistrate judge repeatedly instructed Ms. Jacobs on how to properly allege her domicile, permitted her to amend her complaint, issued an order specifically directing her to allege her domicile, and set a hearing to that effect.  Id. at 56.  But at every turn, Ms. Jacobs alleged only that she

---

[1] Although Ms. Jacobs's notice of appeal does not comply with the requirement that she designate the judgment from which appeal is taken, we construe this designation requirement liberally and interpret her appeal as challenging the judgment of dismissal.  See Fed. R. App. P. 3(c)(1)(B); Nolan v. U.S. Dep't of Just., 973 F.2d 843, 846 (10th Cir. 1992).

resides in Nebraska, and she refused to allege that she intended to remain there indefinitely. Id. at 60–62. Moreover, she failed to appear at the hearing, instead filing a motion to disqualify the magistrate judge. Id. at 39, 53.

On appeal, Ms. Jacobs argues that she "does not need to be a citizen of Salt Lake City[,] Utah and or confined to any state as a mandate until the case has ended in trial." Aplt. Br. at 3. But the district court in no way "confined" Ms. Jacobs to Nebraska until the end of her case by requiring her to allege her intent to remain there. It is well established that jurisdiction based upon diversity of citizenship depends upon the facts as they existed at the time of filing. Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570–71 (2004). And after the district court has been vested with diversity jurisdiction, that jurisdiction "cannot be ousted by subsequent events." Id. at 583; see also Johnson v. Cordell Nat. Bank, 421 F.2d 1310, 1311 (10th Cir. 1970) (quotations omitted). Thus, the district court did not err by requiring Ms. Jacobs to allege her residence and intent to remain in Nebraska, for the purposes of establishing diversity jurisdiction. To the extent that Ms. Jacobs argues that the district court erroneously concentrated on its jurisdiction rather than the merits of her case, Aplt. Br. at 4, a district court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(h)(3).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge